CLERK, U.S. DISTRICT COURT

NOV - 8 2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

Sandeep Chauhan

E-mail: Sandeepchauhan5@outlook.com

E-mail: Sandeepchauhan6@outlook.com

Street D 371 1st Floors

HAR 121102

Telephone: (999) 637-5058

 Plaintiff *in Pro Per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**2:22-CV-08185-PA-JEMx**

SANDEEP CHAUHAN,

      Plaintiff,

        v.

GOOGLE LLC,

      Defendant.

Case No.:

**COMPLAINT**

[Demand For Jury Trial]

## I.    JURISDICTION AND VENUE

1.    The Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This is a civil action arising under federal law, the Lanham Act of 1946 as amended (codified at 15 U.S.C. §§ 1051, et seq.), 28 U.S.C. § 1343 (civil rights), 28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 1367 (supplemental jurisdiction).

2.    The courts have diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states pursuant to  28 U.S.C. § 1332.

3.    Venue is proper pursuant to the United States District Court for this District of

**COMPLAINT**

California because the events and omissions giving rise to Plaintiff's claim occurred in Santa Clara, California 28 U.S.C. § 1391 and the defendant(s) resides and regularly conducts business in this district.

## II.    PARTIES

4.      Plaintiff Sandeep Chauhan is an individual residing in Haryana, India. Email Address: Sandeepchauhan5@outlook.com and sandeepchauhan6@outlook.com.

5.       Google LLC, Defendant Google is a corporation with its headquarters and principal place of business in Mountain View, California. Googleplex Complex is corporate headquarters of Google in Santa Clara, California, 1600 Amphitheatre Parkway Mountain View, CA 94043, United States.

Phone: +1 650-253-0000

Email Address: google-legal-support@google.com

## III.    BACKGROUND CONCERNING GOOGLE

### A.  Introduction of Google

1.      Google is the world's most widely used search engine and seemingly ubiquitous global leader focusing on how people connect with information and how they will connect with information in the future that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications.

2.      When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

### B.  Google's Terms of Service and Related Policies

3.      Regardless of the Google service used, all Google users must agree to Google's ToS. The particular version of the ToS to which a user is bound is based on the geographic region of the IP address from which the account is created. For example, users who create

accounts from US-based IP addresses must consent to the US version of the ToS ("Google US ToS").  *See at https://policies.google.com/terms?hl=en-US* .

4.      Whenever Google updates its ToS, users are notified and must agree to the updated terms to continue using Google's services.

5.      The Google ToS require users to "comply with applicable laws" and prohibit users from misuse.

6.      Google's US ToS contain a choice of law and forum selection clause, which provides: "California law will govern all disputes arising out of or relating to these terms, service specific additional terms, or any related services, regardless of conflict of law rules. These disputes will be resolved exclusively in the federal or state courts of Santa Clara County, California, USA, and you and Google consent to personal jurisdiction in these courts." Ex. 1.

## IV.      STATEMENT OF FACTS

7.      Plaintiff alleged that Defendant Google abruptly disabled Google Account myneerajchauhan@Gmail[.]com ("Google Account A") on March 23, 2020. This account was eight years old. This account was very important for user. This account was contained with many types of valuable digital content and communication.

8.      Plaintiff requested and appealed multiple times to Google to reinstate disabled Google Account A. But Google refused to reinstate the disabled Google account A and then stopped responding further communications with Plaintiff.

9.      Moreover Plaintiff requested multiple times to Defendant to provide content from the Google Account A. But Google had not replied on his requests and never provided content from Google Account A. Due to this misconduct Plaintiff lost access to all to of his valuable content and Intellectual properties of all kinds including but not limited to documents, emails, important files, projects, eight years of works, digital files etc. in such a way that the reproduction of these content and communication is impossible.

10.      Moreover another Google Accounts "Google Account B" and "Google Account C" was depended only on "Google Account A" for access. As a direct and proximate result after "Google Account A" disabled, Plaintiff locked out from other accounts "Google Account B" and

"Google Account C" subsequently. Plaintiff also locked out from many online platforms, digital purchases and other formats associated with Google accounts.

11.     Entire content and communication within the disabled Google Accounts lost completely. Moreover Plaintiff has to bear losses in many places apart from Google accounts in which Google Accounts  were directly or indirectly associated. Because Google provides an emailing service Gmail to their users. User keeps these emails as digital address for communication like their digital mail services namely E-mail or electronic mail. After Google disabled Google Account Plaintiff lost access to all valuable communications which are impossible to regenerate or reproduce.

12.     Plaintiff alleged that Defendant misconduct caused substantial damage included but not limited to irreparable damage of mental harassment, content, communication, psychological disturbance, mental torment, and monetary damages etc. proximate result causes serious mental tort for a very long time of two years and still ongoing.

13.     Defendant described the cause of account disablement is violation of Terms of Service. Attached hereto as **Exhibit 3**. According to Plaintiff the Terms of Service that could be applicable to account is of version October 25, 2017.  Because account was disabled before new modification in Terms. New "Terms of Service" had to be taken effect on March 31, 2020.

14.     Furthermore Plaintiff endeavored to contact Google to understand the main reason for this action. Defendant described the cause of action is only violation of ToS and did not provided any further clarification. After that stopped responding further communications. Attached hereto as **Exhibit 4.**

15.     Google stated that "If you do not comply with these terms, and we don't take action right away, this doesn't mean that we are giving up any rights that we may have (such as taking action in the future)." Attached hereto as **Exhibit 1** is a true and correct copy of ToS 2017. But in Plaintiff case not prior notice or alert given. And no any chance given to obtain data stored in Google account registered under this username.

16.     Google stated that "We believe that you own your data and preserving your access to such data is important. If we discontinue a Service, where reasonably possible, we will

give you reasonable advance notice and a chance to get information out of that Service."
Attached hereto as **Exhibit 1** is a true and correct copy of ToS 2017. But Google failed to
provide advance notice before termination and an opportunity for Plaintiff or to retrieve their
data from Google Account.

17.     Google had modified ToS on March 31, 2020. "Attached hereto as **Exhibit 2".**
Defendant Google sent a Notice of this Upcoming amendment in Google Terms of Services.
"Attached hereto as **Exhibit 6".** Under this update Google modified this ToS these are as below:
(a).  "If you do not comply with these terms, and we don't take action right away, this doesn't
mean that we are giving up any rights that we may have (such as taking action in the
future)."Attached hereto as Exhibit 1 true and correct copy of Google's Contract October 25,
2017.
(b). "We believe that you own your data and preserving your access to such data is important. If
we discontinue a Service, where reasonably possible, we will give you reasonable advance notice
and a chance to get information out of that Service." Attached hereto as Exhibit 1 true and
correct copy of Google's Contract October 25, 2017.

18.     According to Plaintiff Terms of Service of March 31, 2020 should not be
applicable to Google Account before March 31, 2020. "Attached hereto as **Exhibit 2".** On
information and believe Google might applied this 8 days earlier on "Google Account A" as on
March 23, 2020 Google  disabled this account. "Plaintiff has no much information received
about cause of action".  Attached hereto as **Exhibit 5** Which is comparison on Terms of Services
in between October 25, 2017 and March 31, 2020. *See Ex. 1.*

19.     Google keeps update there Terms of Services. They send notice of new update via
email to their users to inform about their updated ToS and expiry of previous terms and effect
date for new ToS. See Ex. 6 and 7. Plaintiff also received information about upcoming new
update. If user continues to use their services after the new modification or update taken effect it
considered as agreeing all updated terms. Plaintiff alleged that Google sent notice to "Google
Account A" to inform about the upcoming new update in Terms of Service. But new terms

applied before the date when was the new updated terms could take effect. New ToS effect date was March 31, 2020.

20.    Defendant recently amended a major storage related Policy for their users in year 2020. Google has made this type of policy very first time since the Google started business. This policy is related to storage consumed by Services of Google account users like Drive, Gmail, and Photos etc. According to this policy Google will automatically erase all data of those users which are inactive in any of Google product i.e. Drive, Gmail or Photos etc. For a period of 24 months (2 years). Attached hereto as **Exhibit 7** is a true and correct copy of notice sent by Google for this upcoming update. This policy has taken effect from June 1, 2021. Hence content and communication saved inactive accounts will be deleted after June 1, 2023 as per new amendment if user does not accessed accounts and use Google services to show activity before June 1, 2023 which is the first day afterward this policy would apply. In this case Google sent prior notices to alert and amply time almost two years to secure their files. But Plaintiff was never given any clue before the account disabled. This is unfair and malicious practice and monopoly unjust.

21.    As a direct and proximate result of Google's wrongful conduct, Plaintiff has suffered, and will continue to suffer damaged in excess of $5 million. The exact damages to be proven at trial. Google caused plaintiff damages of earnings, emotional distress, intangible damages.

## V.    <u>FACTUAL ALLEGATIONS</u>

22.    This lawsuit was filed to enjoin and remedy a series of willful violation by Defendant Google LLC ("Google") of the violation of Intellectual Property Rights, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing, Intentional Infliction of Emotional Distress and owned and controlled by Plaintiff. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Regardless of the Google service used, all Google users must agree to Google's ToS attached hereto as Exhibit 1.

23. On March 23, 2020, defendant abruptly disabled Google user account Google Account A.

Defendant unwarranted disabled Google Account A on without accordance with Google contract namely Terms of Service October 25, 2017. Also not provide prior notice about this. Defendant did not allow Plaintiff to obtain content and communication within the account. Also not provided proper reasoning based on the account disabled.

24.     On information and believe Defendant Google uses automated system to resolve user problems. For example: If a user lost the password, then Google provide Account Recovery option by Account Recovery Known as "AR". In which user types Google account username last password and recovery email id. Google provides manual review for the account recovery before 2020 (Before COVID-19 pandemic). But now it has removed human manual reviewing escalation method completely since last two years. As given in **Exhibit 8.** Google asked user to wait for 48 hours. Attached hereto as **Exhibit 8.** This time is not for manual review. Instead this time required by Google automated system to insure all attributes ;so that it could send an Automated e-mail to the user alternative email id( if exists) on which user can raise an objection. If the email does not objected within 48 hour than automated system will generate recovery link for the user who trying to recover the Google Account. And this link delivered via email after 48 hours. This is an automated system named as AI which handling "AR" since middle of 2020 or start of COVID 19 pandemic. This is the time when Google account A disabled by Google. And Plaintiff believed that no human had reviewed Google Account A. Also Google Community Center expert also stated that manual reviewing process has been ceased permanently after beginning of COVID 19 pandemic. Attached hereto as **Exhibit 9.**

25.     For example, as the plaintiff here, Google sometimes terminates accounts due to its purported detection of "invalid activity," which can include valid clicks, but it admits that its "detection of invalid clicks" is performed via "automated algorithms" in the "vast majority" of cases ; no matter his or her good faith in hewing to Google's rules. Machines can certainly err, or they can fail to account for benign causes for a given set of clicks. But affected users are denied the opportunity to understand the supposed basis for termination of their accounts because Google withholds critical information from them as a matter of policy.

**COMPLAINT**

26.     Further, as the plaintiff found with respect to their own account, Google terminated user accounts even when users are materially compliant with Google's contract terms and policies. Google also terminates accounts when the websites at issue are materially the same as when Google approved the users.

27.     As if this sudden, unwarranted, and unfair account termination was not enough, Google also withhold all content and communication unlawfully belongs to the user at the time of termination.

28.     Defendant Google automated system could make potential technical errors and system errors. Other types of errors maybe also exist in Google automated systems. See Ex. 11-18 about various news and social media article posting. These articles clearly evident that Google system had bug, glitch or system error due to many reasons in various services offered by defendant. Google system error caused obliterated termination or suspension of Plaintiff's account.

29.     Google automated system detected the Plaintiff have violated ToS. Google stated in his ToS 2017 that "We may review content to determine whether it is illegal or violates our policies, and we may remove or refuse to display content that we reasonably believe violates our policies or the law. But that does not necessarily mean that we review content, so please don't assume that we do." Plaintiff believed that automated system had done something wrongly and Defendant had not reviewed this. *See Ex. 1.*

30.     From above Google Used only automated system "AI"; also Google automated system can make error; If, Google stated that it is not sure that issue review by technical or support executives; Furthermore, it is clear from above paragraphs that Google unfairly disabled Google Account A. Google system can also have system errors. In Nov 16, 2010 a Bug in Facebook automated system caused mistakenly disabling many user accounts. Attached hereto as **Exhibit 10** news article about Facebook. But later Facebook resolved the issue and fix that bug which causing account problems. Facebook is also similar kind of organization like defendant. It also proves that automated system may have errors.

**COMPLAINT**

31.     When Corona Pandemic begins worldwide Google also ceased offices and employees and technical staffs did not maintained Google system. And Google offices were closed. From above it is clearly demonstrated that Google system may have errors. And Google Automated system solely handled affairs related to Google accounts during that period. Defendant unfairly disabled Plaintiff's account. But plaintiff had sufficiently waited more than two years which is sufficient time in which Google can resolve the issue. Google disabled Plaintiff account is unauthorized, unwarranted and unfair according to Google contract ToS October 25, 2017.

32.     Furthermore, Defendant Google made system error. And no actual account helps support executive or staff ever reviewed the account.  This misconduct caused substantial damage to Plaintiff. Additionally Defendant Google automated system error caused plaintiff to lost access and content within them.

**A.  Defendant's unlawful misconduct caused significant harm to Plaintiff**

Plaintiff endeavored at all times to comply with Google's "ToS" October 25, 2017. See Ex. 1 Google Breached the ToS 2017 itself by disabling account without comply in the "ToS" October 25, 2017. Google Breached the ToS 2017 by failing to provide a reason for account disabling in Compliance with the terms of service 2017. Google took such harsh and unfair action against Plaintiff, notwithstanding their good faith efforts to comply with Google's policies. Defendant's breaches of the Google ToS 2017 have caused substantial harm to Plaintiff. Plaintiff irreparably harmed will be continued to suffer. Plaintiff brought the issue multiple times to defendant. So that it can be resolved issue according to defendant satisfaction. Despite after several attempts to apprise defendant in regard of the concerned issue no constructive response was being received.

**B.  Defendant's unlawful breached the contract caused significant harm to Plaintiff**

A valid contract, to wit, Google's Terms of Service for Google account users, exists between the parties; that contract can be found at See at *https://policies.google.com/terms?hl=en-US*. In the contract, Google agreed to do, inter alia, the following things: (1) inform Plaintiff when they terminate services; (2) provide an appeals process; (3) not disable the accounts unless it fit into one of the three reasons for account disablement; (4) notify the Plaintiff in advance of any

disablement with sufficient time for them to download content.  Plaintiff did all, or substantially all, of the significant things that the contract required him to do; alternatively, Plaintiff was excused from doing them. Defendant Google failed to comply with the contract in that it: (1) failed to give the advance notice; (2) disabled Plaintiff's account without cause; (3) failed to give Plaintiff notice sufficient to allow him to download his content; and (4) failed to provide the appeals process it promised.  Plaintiff has been harmed by Defendant Google's failure to comply with the contract. Plaintiff is entitled to specific performance of the contract. Plaintiff is entitled to damage relief. Plaintiff is also entitled for exemplary or punitive pursuant to the breach of contract. As a direct and proximate result of Google's wrongful conduct, Plaintiff has suffered, and will continue to suffer damaged in excess of $5 million. Google caused plaintiff damages of earnings, emotional distress, intangible damages.

**C.  Google Violated California Contract Law by violating TOS and breached contract**

Defendant violated California contract law by breaching contract by providing unilateral right to monopoly contract in such a manner as to frustrate the purpose of the contract. Defendant did not show regards for a long term user, it did not provide Plaintiff an opportunity to take down any content so that they could maintain their contractual relationship with Google and failed to comply with the contract.

## VI.    FIRST CAUSE FOR CLAIM

### (Violation of Intellectual Property Rights Act)

42.    Plaintiff incorporates all prior allegations of this Complaint by this reference.

43.    Because of Google's wrongful conduct Plaintiff lost access to entire intellectual properties those were saved in their respective Google Accounts.

44.    Plaintiff alleged that Defendant deprived Plaintiff access intellectual properties within the Google Accounts. Defendant misconduct caused Plaintiff irreparable damage.

45.    Plaintiff alleged that Google account user uploads their works, photos, documents etc. in various services offered by Google. Google cause Plaintiff to lose all of them with entirety which was saved in accounts. Defendant act was extreme obsessive, malicious that Plaintiff

**COMPLAINT**

cannot be remedied by an award of monetary damages alone. Plaintiff should be entitled for award of Punitive damages maximum extent permitted by law against Defendant to punish the wrongdoer and to deter dangerous conduct.

46.     Furthermore Plaintiff alleged that Defendant Google stated in ToS 2017 that "Some of our Services allow you to upload, submit, store, send or receive content. You retain ownership of any intellectual property rights that you hold in that content. In short, what belongs to you stays yours." See Ex. 1. But Google violated this by not providing Plaintiff the Intellectual properties saved within "Google Account A".

47.     Accordingly, No compelling, significant, or legitimate reason justifies Defendants' actions. As a direct and proximate result of Google's wrongful conduct, Plaintiff has suffered, and will continue to suffer damaged in excess of $5 million. The exact amount will be proven at trial. Plaintiff entitled to restitution of compensatory damages and Punitive damages.

48.     Defendant negligently, willfully and/or intentionally it had not been provided any notices, and certainly no advance notices, whether or why they disabled Google Account A. Under this circumstances Plaintiff locked out all of content within Google Accounts.

49.     Defendant failed to perform the Services as the parties agreed and as specific under the parties' Contract. Defendant' repeated actions and/or inactions constitute multiple breaches of the Contract, each of which caused Plaintiff to incur damages.

50.     Defendant has engaged in many associated acts and omissions associated with the Contract, each of which constitutes a separate and distinct breach of the Contract.

51.     Defendant has violation of intellectual property rights of Plaintiff.

52.     Plaintiff has incurred substantial injuries due to Defendant' breaches.

## VII.     SECOND CAUSE OF CLAIM

### (Breach of Contract)

53.     Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs as if set forth in full herein. A valid contract, to wit, Google's Terms of Service exists

between the parties; that contract can be found at *See at*

*https://policies.google.com/terms/archive/20171025 and Attached hereto as Exhibit 1.*

54.     Access to and use of Google all services, including Gmail and Google Voice, Google Drive, Google Photos, YouTube are governed by Google's ToS 2017 and related Google policies.

55.     Plaintiff agreed to and became bound by Google's ToS 2017 when Plaintiff used Google services.

56.     On information and belief, Plaintiff has performed all conditions, covenants, and promises required of it in accordance with Google's ToS 2017.See Ex. 1.

57.     Defendant's violations of Google's ToS 2017 itself and related policies have directly and proximately caused and continue to cause harm and injury to Plaintiff.

58.     When Plaintiff agreed to and became bound by Google's ToS, both Google and Defendant knew or could have reasonably foreseen that the harm and injury to Plaintiff was likely to occur in the ordinary course of events as a result of Defendant's breach.

59.     Google contract also Contracts Are unconscionable Google withheld meaningful information from the other users as a matter of its extra-contractual policy. Google likewise brushed off, and offered no good-faith, meaningful review of its long-time user's appeal, which in any event user cannot meaningfully articulate on the minimalist form Google demands they use, and it ignored Plaintiff's request for more information.

60.     Defendant's actions caused Plaintiff to incur losses and other economic damages, including, among other things, the expenditure of resources to investigate and remediate. Defendant's misconduct caused damage to the reliability, safety and integrity of Google's platform, impacting Google's users and potential users. Plaintiff has been damaged in excess of $5 million.  The exact amount will be proven at trial.

61.     Defendant failed to comply with the contract in that it: As set forth below with particularity as to Plaintiff, Google breached the ToS because it disabled the account despite the following facts: (a) user did not repeatedly infringed or breached the Agreement with Google; (b)

**COMPLAINT**

user was above the threshold age (13 years to use services); or (c) individual account was not maintained by administrator. *See Ex.1*

62.    *Google May Terminate or Suspend an Account for Cause:* The provision governing Google's suspension or termination of accounts states as follows: "Google may suspend or terminate account your access, your Google account, or your Google account's access to all or part of the Service if (a) your repeatedly infringed or breach the Agreement with Google; or (b) you was below the threshold age (13 years to use services); and (c) your organization's administrator may assign a Google Account to you. That administrator might require you to follow additional rules and may be able to access or disable your Google Account. *See Ex. 1.*

63.    *Google Must Provide Notice of Disabling:* If we discontinue a Service, where reasonably possible, we will give you reasonable advance notice and a chance to get information out of that Service. *See Ex 1.*

64.    Google Breached the ToS 2017 by Failing to Provide a Reason for Account Disabling in compliance with the ToS 2017: As set forth below with particularly as to Plaintiff, Google breached the ToS 2017 because it failed to notify the Plaintiff as to "the reason for "disabling" by Google. (Emphasis added.) The notices that Google provided to the Plaintiff did not identify a specific reason for the violation of their contracts. Instead, Google indicated only that the account had violated "Terms of Services" of Google apart this reason, Google did not indicate how the targeted account violated the ToS 2017.

65.    Defendant failed to perform the Services as the parties agreed and as specific under the parties' Contract. Defendant' repeated actions and/or inactions constitute multiple breaches of the Contract, each of which caused Plaintiff to incur damages.

66.    Defendant has engaged in many associated acts and omissions associated with the Contract, each of which constitutes a separate and distinct breach of the Contract.

**COMPLAINT**

67.     Plaintiff has incurred substantial injuries due to Defendant' breaches and should be entitled including, but not limited to compensatory damages; statutory damages; treble damages; disgorgement of profits.

## VIII.     THIRD CASUSE OF CLAIM

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

68.     Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

69.     There exists in every contract, including Google's agreements with the plaintiff an implied covenant of good faith and fair dealing. Further, Plaintiff  never received any notice or instruction on what method or procedure, if any, could or should be used by Plaintiff to restitute his account and data. As a direct and proximate result of Google's wrongful conduct, Plaintiffs have suffered, and will continue to suffer, damages in an amount in no event less than $5 million.

70.     Google violated this covenant by disabling the plaintiff's Google account agreement for purported violations of its policies; even though the plaintiff endeavored at all times to comply with Google's policies and itself brought potential issues to Google's attention so that it could resolve them to Google's satisfaction. Next, Google compounded its violation of the covenant by withholding all content and communication of the account user after the period to its account being disabled. Google made no effort whatsoever to return content to the account user in any way.

71.     Google has breached the implied covenant of good faith and fair dealing.  Also, the terms at issue are so one-sided as to shock the conscience; they are harsh and oppressive in that they purport. First, Defendant Google disabled "Google account A" without reason and offered no meaningful, discernible reason to doing so. Second, Google violated the covenant by withholding all content and communication belongs to the account user after disabling the Google Account.

72.     Further, as the plaintiffs found with respect to their own account, Google terminated user accounts even when users are materially compliant with Google's contract terms

**COMPLAINT**

and policies. Google also terminates accounts when the websites at issue are materially the same as when Google approved the users.

73.     As if this sudden, unwarranted, and unfair account termination was not enough, Google also withhold all content and communication unlawfully belongs to the user at the time of termination.

74.     Google willfully engaged in the forgoing acts and omissions with full knowledge that they were bound to act consistently with the covenant of good faith and fair dealing. Those acts and omissions were not only failures to act fairly, and in good faith, but they were acts of oppression, discrimination, fraud, and actual malice.

75.     As a direct and proximate result of the aforementioned conduct of Google, plaintiff suffered and continues to suffer, immediate and irreparable injury in fact, including lost income, reduced earning, and damage to his brand, mental tort, emotional distress, reputation, and goodwill, for which there exists no adequate remedy at law.

## IX.     FOURTH CAUSE OF RELIEF

### (Unfair Trade Practice)

76.     Plaintiffs incorporate and re-alleged the allegations contained in the preceding paragraphs as if set forth in full herein.

77.     Plaintiffs are likely to succeed on their contract claims, in which they allege that Defendants breached the contract namely Terms of Service "ToS" October 25, 2017  when they summarily suspended and terminated Plaintiff's Google Account A. The Terms of Service ("TOS") are clear, outlining only three "cause" instances for which Defendant may terminate or suspend Google Accounts: "Google may suspend or terminate user access, your Google account, or your Google account's access to all or part of the Service if (a) you materially or repeatedly breach this Agreement; (b) user was below the threshold age (13 years to use services) ; or (c) Google was an administrator and its administer have the ability to disable account with or without notice ." So, according to Google's own TOS, the Plaintiff's Google Account could be

**COMPLAINT**

disabled for only one of the three enumerated reasons. As set forth below, none of the three reasons apply:

78.   *Plaintiff Did Not Materially or Repeatedly Breach the Agreement* The question under (a) is whether the Plaintiffs materially breached the TOS. A material breach occurs where the failure to perform "is so dominant or pervasive as in any real or substantial measure to frustrate the purpose of the contract.'" Aslan v. Sycamore Inv. Co. (In re Aslan), 909 F.2d 367, 370 (9th Cir. 1990) (quoting Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal. App. 3d 1032, 1051 (1987)). What is the purpose of the contract with Google? Google sets out the purpose of its service quite succinctly.

79.   As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, tenable and intangible, emotionally.  As a direct and proximate result of Google's wrongful conduct, Plaintiffs have suffered, and will continue to suffer, damages in an amount excess of $5 million, exact amount of damage to be proven at trial.

80.   The Service allows users to discover, work and collaborate, share and other content, provides a forum for people to connect, inform, and inspire others across the globe, and acts as a distribution platform for original content creators and advertisers large and small. (TOS "Our Service"). That by your act and conduct plaintiff had got agonized noetically which is not at all tenable under the law and a proof of unfair trade practice.

81.   Defendant direct and proximate wrongful act posed many types of substantial damages including but not limited to financial, personal, social, psychological, emotional, economical and non-economical. As a matter of both common sense and case law, emotional distress is a predictable, and thus foreseeable, consequence of violation.

82.   The defendant acts: (a). The defendant's conduct is outrageous, Abuse of the position of authority Knowledge of a victim's vulnerability to emotional distress, and Acting with knowledge that the behavior would likely cause emotional distress; (b). Reckless Disregard, A defendant will be considered to have acted with reckless disregard when: They knew that

emotional distress would be a likely result, or they did not think about the probable consequences of their actions.

83.    The defendant acts for the purpose of causing the victim emotional distress so severe that it could be expected to adversely affect mental health and the defendant's conduct causes such distress. Therefore, a civil rights "plaintiff may be compensated for intangible, psychological injuries as well as financial or non-economic damages" no less than $5 million would be reasonable. Pursuant to 17 U.S. Code § 504(b) Plaintiff entitle liability to recover actual damages and profits. Plaintiff lost many years of Intellectual properties. Moreover since last two years Plaintiff suffering due to Defendant outrageous misconduct. Plaintiff calculated damages economical and non-economical combined are excess of $5 million.

84.    Plaintiff should be entitled for punitive damages to deter wrongful conduct of Defendant pursuant to relevant facts and authorities. Plaintiff should be entitle for award of Punitive damages for outrageous conduct and/or to reform or deter the defendant and others from engaging in conduct similar to that which formed the basis of the lawsuit if injury specifically intended punitive damages permitted under applicable law against a defendant, also may exceeds the actual damages.

## X.    FIFTH CAUSE OF ACTION

### (Breach of Implied Contract)

85.    Plaintiffs re-allege and incorporate the preceding allegations of this Action Complaint with the same force and effect as if fully restated herein.

86.    Plaintiffs plead this claim in the alternative to the Second Claim for Relief of Breach of Contract alleged above.

87.    Google solicited and invited prospective customers such as Plaintiffs with claims that it cares about Plaintiff's privacy rights and data security.

88.    As a result of Google's breach of implied contract, Plaintiff has suffered damages. Specifically, the products Plaintiff's personal information was damaged without his consent.

Plaintiff's  would not never rely on Google if he know that Google would breach the TOS by damaging his many years of works and contents without any reason.

89.     Plaintiff have deep believed that used only their automated systems and no human had ever interacted with plaintiff. Many evidence and chats describes that Google had ceased normal offices during period when Google Account disabled.

90.     Defendant Google failed to comply with the contract in that it: (1) failed to give the advance notice; (2) disabled Plaintiff's account without cause; (3) failed to give Plaintiff notice sufficient to allow him to download his content; and (4) failed to provide the appeals process it promised.

91.     As a direct and proximate result of Defendants' violations of clearly established law under the breach of contract Plaintiffs have suffered, and continues to suffer, immediate and irreparable injury in fact, including lost income, reduced viewership, and damage to mental health, reputation, and goodwill, for which there exists no adequate remedy at law.

## XI.     SIXTH CAUSE OF ACTION

### (Request for Declaratory Relief)

#### (FEDERAL DECLARATORY JUDGMENT ACT 28 U.S.C. § 2201(a))

92.     Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

93.     Google's contractual terms purportedly does permitting it to disables their Google accounts violate California law as set forth herein. As alleged herein and otherwise, these contractual terms are (a) unconscionable and (b) constitute invalid provisions for liquidated damages. Accordingly, they are unenforceable. See, e.g., CAL. CIV. CODE § 1670.5(a); CAL. CIV. CODE § 1671(b). Yet Google purports to rely on these terms in disabling; accordingly, there is an actual controversy between the plaintiff on the one hand, and Google on the other. Pursuant to CAL. CIV. PROC. CODE § 1060 and otherwise, plaintiff is entitled to an order declaring these terms unconscionable, invalid, and unenforceable as against him.

**COMPLAINT**

94.     Under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., and otherwise, plaintiff is entitled to an order declaring these terms unconscionable, invalid, and unenforceable as against him and this Court is authorized to enter a judgment declaring the rights and legal relations of the parties and grant further necessary relief. Furthermore, the Court has broad authority to restrain acts, such as here, that are tortious and that violate the terms of the federal and state statutes described in this Action Complaint. Plaintiffs continue to suffer injury and damages as described herein.

## XII.     SEVENTH CAUSE OF ACTION

### (Violation of the Unfair Competition Law)

95.     PLAINTIFF alleges and incorporates all preceding allegations as fully set forth above in paragraph.

96.     California's Unfair Competition Law ("UCL") defines unfair competition to include any "unlawful, unfair, or fraudulent" business act or practice. CAL. BUS. & PROF. CODE §§ 17200, et seq.

97.     Google has engaged in, and, upon information and belief, continues to engage in, acts of unlawful and unfair business acts and practices prohibited by California's UCL. Google disabled Google account unwarranted with contract ToS October 25, 2017

98.     The foregoing acts and conduct of Defendant, as set forth above, have caused irreparable injury to Plaintiff's goodwill, reputation and income. The injury to Plaintiff is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

99.     The law of intellectual property can be seen as analogous to the law of tangible property in that both consist of a bundle of rights conferred upon the property owner. Defendant negligently, willfully and intentionally caused substantial irreparable damages And this injury and suffering is ongoing. Plaintiff does not have any other recourse; should be entitled for actual compensatory and punitive damages.

## XIII.     EIGHTH CAUSE OF ACTION

Page **19** of **22**

**COMPLAINT**

**(Google's Contracts Are Unconscionable)**

100.     PLAINTIFF alleges and incorporates all preceding allegations as fully set forth above in paragraph.

101.      All registered users of Google.com are required to agree to Google's Terms of Service. (Attached and incorporated herein at Exhibit 1)

102.     Google's contracts, including but not limited to, are non-negotiable and by definition makes it an adhesion contract. Google's adhesion contractual provision that allows them to constitutes unfair surprise to user, which is unconscionable because of unequal bargaining power as alleged earlier in this complaint. Google not only have majority market penetration in the United States, but are in fact a monopoly.

103.     Google does not provide help for users. If user did not violated policy and Google's own system error caused account disabling stills user does not have rights to get back their accounts which is unfair. Because Google, in its sole discretion and monopoly to restitute or not the account. It is not possible to know that user had actual did something wrong or Google system had caused this.

104.     Google's Terms of Service allow it, in Google's sole discretion, to change the terms of service at any time, in any way. Registered Google users, per the terms of service, are required to agree, in advance, to be bound to any changes Google makes, regardless of what they may be. Google States: Google, in its sole discretion, may modify or revise these Terms of Service, and policies at any time, and you agree to be bound by such modifications, or revisions.

**XIV.    NINTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress)**

105.     Intentional Infliction of Emotional Distress Plaintiff's final claim is for intentional infliction of emotional distress. The elements of such claim are: (1) the defendant intended to cause emotional distress, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a

Page **20** of **22**

civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

106.     Plaintiff remains baffled as to what, specifically when he shows that the account was disabled. Plaintiff thought that it was a Google system error or technical error because there is no history of this kind of event in Google account. Moreover difficulties experienced after being malicious act, including stress, sleeplessness, strained relationships with family members, depression, and loss of self-confidence.

107.     Defendant malice act caused long termed Intentional Infliction of emotional distress. Defendant misconduct had already caused of mental harassment and psychological disturbance for subsequently two years and Plaintiff will be continue to suffer.

108.     Plaintiff has already suffered and will continue to suffer other forms of injury and/or harm including, but not limited to, anxiety, emotional distress, loss of earning, loss of content, and other economic and non-economic losses.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the following relief:

A.  Judgment awarding damages  including  but not limited to, compensatory, treble damages, consequential, general and statutory damages as permitted by law and in such amounts to be proven at trial;

B.  Judgment awarding punitive damages and exemplary damages  as permitted by law and in such amounts to be proven at trial;

C.  Judgment awarding pre-judgment and post-judgment interest according to proof and to the maximum extent allowed by law at legal rates;

D.  To grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 8, 2022

Page **21** of **22**

**COMPLAINT**

1
2
3
By: Sandeep Chauhan

4
Plaintiff in Pro Per

5
6
7
**DEMAND FOR JURY TRIAL**

8
Plaintiff respectfully requests for jury trial.

9
10
11
Dated: November 8, 2022

12
13
14
By: Sandeep Chauhan

15
Plaintiff in Pro Per

16
17
18
19
20
21
22
23
24
25
26
27
28

Page **22** of **22**

**COMPLAINT**